**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ALICIA HUGHES,** | **CIVIL ACTION** |
| **Plaintiff,** | |
| **v.** | |
| **BJ'S WHOLESALE CLUB, INC.,** | **NO.  20-3760** |
| **JOHN TOMCHICK,** | |
| **Defendants.** | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Alicia Hughes brings this personal injury action against Defendants BJ's Wholesale Club, Inc. ("BJ's") and John Tomchick, premised on injuries Plaintiff allegedly sustained when she tripped and fell over a merchandise pallet while shopping in a BJ's store managed by Tomchick.  On August 3, 2020, Defendants removed the suit from the Philadelphia Court of Common Pleas to this Court based on diversity jurisdiction, 28 U.S.C. § 1332(a), and subsequently filed a motion to dismiss all claims against Tomchick pursuant to Federal Rule of Civil Procedure 12(b)(6).

 "[A]s its name indicates, jurisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018).  It is uncontested that the parties to this dispute are non-diverse, with both Plaintiff Hughes and Defendant Tomchick residing in Pennsylvania.  Plaintiff has valued her damages as excessive of $75,000, exclusive of interest and costs.  The jurisdictional amount is therefore not at issue.  28 U.S.C. § 1332(a).  The suit is therefore non-removable unless—as Defendants urge—Tomchick has been fraudulently joined to defeat diversity jurisdiction.  *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).  Plaintiff has not sought remand; nevertheless, this Court cannot address the merits of Defendants' Rule 12(b)(6) motion without

first ensuring its subject matter jurisdiction over the action. *Ortiz v. Dodge*, 126 F.3d 545, 572 (3d Cir. 1997). Accordingly, the only issue in this case is the jurisdictional issue of fraudulent joinder. *Briscoe*, 448 F.3d at 220. If the Court finds fraudulent joinder, Tomchick will necessarily be dismissed from the action. *Id.* at 216. If, however, the Court finds that Plaintiff has alleged a colorable claim against Tomchick, the case must be remanded for state court resolution. *Id.* (citing 28 U.S.C. § 1447(c)).

Parties claiming fraudulent joinder bear "a 'heavy burden of persuasion.'" *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)). Joinder is fraudulent only "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992) (quoting *Boyer*, 913 F.2d at 111). When assessing an alleged fraudulent joinder, "the district court must 'focus on the plaintiff's complaint at the time the petition for removal was filed,'" taking all factual allegations as true and resolving all uncertainties in favor of the plaintiff. *Id.* at 851-52 (quoting *Steel Valley*, 809 F.2d at 1010). "In this context, our familiar standards of analysis under Fed. R. Civ. P. 12(b)(6) are inapplicable and, instead, the test is whether the plaintiff's claims are not even 'colorable,' which is to say, 'wholly insubstantial and frivolous.'" *Lyall v. Airtran Airlines, Inc.*, 109 F. Supp.2d 365, 368 (E.D. Pa. 2000) (quoting *Batoff*, 977 F.2d at 852). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against [a] resident defendant[], the federal court must find that joinder was proper and remand the case to state court." *Briscoe*, 448 F.3d at 217 (quoting *Batoff*, 977 F.2d at 851).

Here, Plaintiff alleges that, while shopping in a BJ's store, she "tripped and fell over a pallet that was being used to display merchandise," causing Plaintiff to suffer permanent injury to her wrist. She has claimed negligence against both BJ's and the store manager, Defendant Tomchick. In response, Defendants move to dismiss Tomchick from the action, arguing that Plaintiff has failed to sufficiently plead Tomchick's active participation in the alleged tort, as required under Pennsylvania's "participation theory" of liability.

Under the participation theory, corporate employees may only be found liable "for torts in which they personally participated." *Gaynor v. Marriott Hotel Servs., Inc.*, 2013 WL 4079652, at *3 (citing *Wicks v. Milzoco Builders*, 470 A.2d 86, 89-90 (Pa. 1983)). Accordingly, a personal injury plaintiff may ground a negligence claim on an employee's misfeasance, or "the doing of something which ought not be done, something which a reasonable man would not do, or doing it in a manner as a man of reasonable and ordinary prudence would not do it," but not on the employee's nonfeasance, or mere failure to act. *Hricik v. Stryker Biotech, LLC*, 89 F. Supp.3d 694, 701 (E.D. Pa. 2015) (quoting *Sannuti v. Starwood Hotels & Resorts Worldwide, Inc.*, 2014 WL 1515650, at *2 (E.D. Pa. Apr. 16, 2014)).

Courts in this District have often addressed this malfeasance/nonfeasance distinction in the fraudulent joinder context. In *Ahearn v. BJ's Wholesale Club, Inc.*, for instance, the court addressed similar negligence claims brought by a plaintiff who also allegedly fell in a BJ's store. 2020 WL 1308216, at *2-4 (E.D. Pa. Mar. 18, 2020). As here, plaintiff originally filed suit in state court against both BJ's and the store manager, and defendants removed to federal court on fraudulent joinder grounds. *Id.* at *2. Noting that "negligence claims against a store manager relating to a slip-and-fall incident are colorable under Pennsylvania law," the court found the plaintiff's general allegations regarding the manager's creation of the alleged hazardous

3

condition sufficient to create "'a possibility' that a state court would find . . . a plausible claim"
of employee misfeasance, thereby preventing a finding of fraudulent joinder. *Id.* at *3, *4
(citation omitted); *see also Gardler v. Wal-Mart Stores, Inc.*, 2019 WL 2489691, at *6 (E.D. Pa.
June 12, 2019) (finding a colorable claim of misfeasance where plaintiff tripped over a folded
rug in a Wal-Mart store and alleged that the store manager "[c]aus[ed] and/or permit[ted] [the]
dangerous and hazardous condition to exist"); *Greenberg v. Macy's*, 2011 WL 4336674, at *7
(E.D. Pa. Sept. 15, 2011) (finding a colorable claim of misfeasance where plaintiff generally
"allege[d] that two high-ranking employees wrongfully created or directed the creation of a
hazardous condition—an 'unmarked empty platform' placed in front of the Women's
Department elevator in Macy's Ardmore store—which caused Plaintiff's fall").

In this case, Plaintiff has alleged that Tomchick, among other things, "actively and
knowingly placed the pallet in an area that made the store unsafe for shoppers" and "actively and
knowingly used the pallet as a display in a dangerous and careless manner." Plaintiff has not
merely "fault[ed] [Tomchick] only for what [he] failed to do," but has instead alleged
Tomchick's active involvement in Plaintiff's accident. *Aldorasi v. Crossroads Hosp. & Mgmt.
Co., LLC*, 344 F. Supp.3d 814, 824 (E.D. Pa. 2018). Whether Plaintiff will ultimately succeed in
proving these allegations is not at issue in this threshold jurisdictional inquiry. *Batoff*, 977 F.2d
at 852. Applying the fraudulent joinder standard—which, again, is less searching than the Rule
12(b)(6) pleading standard—Plaintiff's allegations present a colorable claim of misfeasance, and
thus negligence, against Tomchick. Defendants offer an affidavit from Tomchick in support of
their argument that Tomchick, as a BJ's store manager, would have no role in the placement of
merchandise pallets. It would be inappropriate, however, for the Court to address the merits of
this factual defense without first having jurisdiction over the case. *Ramos v. Wal-Mart Stores,*

*Inc.*, 202 F. Supp.3d 457, 463 (E.D. Pa. 2016) (refusing to consider affidavits submitted by defendants in a fraudulent joinder inquiry, noting that "to accept the truth of the affidavits would be to reject the truth of [plaintiffs'] well-pleaded allegations").

The case shall be remanded for lack of subject matter jurisdiction.  An appropriate order follows.

**September 15, 2020**                                                    **BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**